FILED

AUG 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No. _____

DAN YATES, *an individual,*
PO# 731
Plaintiff,
PARKER, CO. 80134
v.

Case: 1:07-cv-01549
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/30/2007
Description: Civil Rights-Non-Employ.

STEPHEN G. BREYER, *in his individual and official capacity as Circuit Justice for the 10th Circuit in the United States Supreme Court,*

WILLIAM K. SUTER, *in his individual and official capacity as the Clerk of the United States Supreme Court,*

ERIK FOSSUM, *in his individual and official capacity as an Employee of the United States Supreme Court,*

Defendants.

---

### VERIFIED COMPLAINT AND JURY DEMAND

---

**COMES NOW**, Plaintiff Dan Yates and submits his Verified Complaint and Jury Demand, and alleges and avers as follows:

#### JURISDICTION, PARTIES AND VENUE

1. Plaintiff Dan Yates brings this action to redress actions and/or omissions by Defendants Stephen G. Breyer, William K. Suter and Erik Fossum for deprivation of his rights as secured by Article III, §§ (1) and (2), and the First and Fifth Amendments to the United States Constitution.

2. The Defendants Stephen G. Breyer, William K. Suter and Erik Fossum's actions and/or omissions are actionable under 42 U.S.C. §§ 1983 and 1985(2).

3. The delegations of judicial authority described herein are customs, practices or procedures unique to the municipality of the District of Columbia.

4. All claims for relief maintained herein are separate and collateral to all future or present proceedings initiated or pending in all courts having jurisdiction concurrent with the United States District Court of the District of Columbia.

5. The Plaintiff's claims arise under 42 U.S.C. §§ 1983 and 1985(2).

6. This District Court has original jurisdiction over Plaintiff Dan Yates' claims arising under the United States Constitution, pursuant to 28 U.S.C. § 1331.

7. This District Court has original jurisdiction over Plaintiff Dan Yates' claims to redress the deprivations of his rights under the color of courts customs or usages, under 28 U.S.C. §1343(3) and (4)(b)(1) and (2).

8. This District Court has the authority to compel officers or employees of the United States to perform their duties as owed to Plaintiff Dan Yates, under 28 U.S.C. § 1361.

9. Plaintiff Dan Yates is entitled to Declaratory relief against Defendants Stephen G. Breyer, William K. Suter and Erik Fossum, irrespective of the availability of additional remedies, under 28 U.S.C. § 2201.

10. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum are employed by the District of Columbia, and venue is proper in the United States District Court for the District of Columbia, under 28 U.S.C. § 1391 (e).

11. Defendant Stephen G. Breyer is a citizen of the United States and is employed as the Circuit Justice of the United States Supreme Court assigned to the 10th Circuit. The United States Supreme Court is located at One 1st Street NE, in Washington D.C., 20543, in the District of Columbia, in the United States. Defendant Stephen G. Breyer is liable in both his individual and official capacities.

12. Defendant William K. Suter is a citizen of the United States, and, at all relevant times hereto, was employed as the Clerk of the United States Supreme Court. The United States Supreme Court is located at One 1st Street NE, in Washington D.C., 20543, in the District of Columbia, in the United States. Defendant William K. Suter is liable in both his individual and official capacities.

13. Defendant Erik Fossum is a citizen of the United States, and, at all relevant times hereto, was employed by the United States Supreme Court under Defendant William K. Suter. The United States Supreme Court is located at One 1st Street NE, in Washington D.C., 20543, in the District of Columbia, in the United States. Defendant Erik Fossum is liable in both his individual and official capacities.

14. All jurisdictional prerequisites to this lawsuit have been met or have occurred.

### GENERAL ALLEGATIONS

15. Plaintiff Dan Yates repeats, re-alleges, and incorporates by reference all allegations in this Verified Complaint and Jury Demand, as if set forth fully herein.

16. Plaintiff Dan Yates invoked the appellate jurisdiction of the United States Supreme Court by filing his Notice of Appeal from a final judgment of the Supreme Court of Colorado, entered

on December 13, 2006.

17. Plaintiff Dan Yates perfected his appeal in accordance with United States law by filing his Jurisdictional Statement.

18. Plaintiff Dan Yates' Notice of Appeal and Jurisdictional Statement were received at the United States Supreme Court.

19. Defendant Erik Fossum repeatedly obstructed the perfecting of Plaintiff's Appeal, in contravention of federal law, including but not limited to 28 U.S.C. § 2103.

20. Defendants William K. Suter and Erik Fossum had actual notice of the illegality of their actions and/or omissions.

21. Defendants William K. Suter and Erik Fossum gave unsolicited and incorrect legal advice to Plaintiff Dan Yates through a series of personally addressed letters.

22. Defendants William K. Suter and Erik Fossum intended to misrepresent to Plaintiff Dan Yates that he had not invoked the United States Supreme Court's appellate jurisdiction.

23. The Defendants William K. Suter and Erik Fossum issued letters using falsified dates and repeatedly obstructed Plaintiff Dan Yates' Appeal.

24. As a result of the unlawful obstruction of Plaintiff Dan Yates' appeal, he filed an *Application* with Defendant Stephen G. Breyer.

25. Defendant Stephen G. Breyer unlawfully referred the Plaintiff's *Application* for consideration to the Clerk's office.

26. Defendant Stephen G. Breyer delegated Plaintiff Dan Yates' *Application* to Defendants

William K. Suter and Erik Fossum.

27. Defendant William K. Suter operates in a ministerial position created and governed by the United States Constitution and all Amendments thereto.

28. Defendant Erik Fossum operates under the supervisory authority of Defendant William K. Suter.

29. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum used correspondence, an unlawful means, to preclude the Plaintiff's Appeal.

30. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum unlawfully employed ministerial processes to interfere and ultimately deprive Plaintiff Dan Yates of his right to Article III review.

31. In contravention of Defendants Stephen G. Breyer, William K. Suter and Erik Fossum's official duties, these Defendants subsequently refused to correct, amend or address the unlawful obstruction set forth herein.

32. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum engaged in unlawful conduct designed to prevent receipt, processing and timely adjudication of Plaintiff Dan Yates' Appeal.

33. The procedures employed by Defendants Stephen G. Breyer, William K. Suter and Erik Fossum to obstruct the Plaintiff's access to the United States Supreme Court includes but are not limited to: obstructing the transference of lawfully submitted pleadings to duly appointed justices, falsifying letters, removing Plaintiff Dan Yates' records, and advising Plaintiff Dan Yates in order to induce action against his legal interests.

34. The United States employees engaging in the pattern of conduct set forth herein are subject to fine and/or imprisonment.

35. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum acted under the color of law to deprive Plaintiff Dan Yates of his right to due process of law and right to redress his grievances as secured by the First and Fifth Amendment to the United States Constitution.

36. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum acted outside the scope of their official authority to injure Plaintiff Dan Yates.

37. Defendants William K. Suter and Erik Fossum invented procedural limitations as a pre-text to obstruct Plaintiff Dan Yates' entitlement to Article III review.

38. No court rule may operate to restrict the jurisdiction of a United States district court or the United States Supreme Court.

39. Relief in the form of prohibition is not available to Plaintiff Dan Yates in the United States Supreme Court, due to ongoing interference with the lawful administration of Plaintiff's filings.

40. Defendant's Stephen G. Breyer, William K. Suter and Erik Fossum obstructed the lawful adjudication of Plaintiff Dan Yates' claim, in contravention of United States law.

41. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum's acted in furtherance of unlawful municipal policies, practices, customs and procedures.

42. Defendant Stephen G. Breyer's delegation of his judicial power to Defendants William K. Suter and Erik Fossum was a ministerial act outside the scope of his official duties.

43. Defendant Erik Fossum obstructed the Plaintiff Dan Yates' Appeal while exercising

Defendant William K. Suter's apparent authority.

44. Defendant Erik Fossum employed Defendants Stephen G. Breyer and William K. Suter's apparent authority to preclude consideration of Plaintiff Dan Yates' constitutional claims as properly preserved under United States law.

45. Municipal custom, practice or procedure as employed by Defendants Stephen G. Breyer, William K. Suter and Erik Fossum operated to unlawfully delegate Article III authority.

46. Defendants Stephen G. Breyer, William K. Suter and Erik Fossom's combined actions and/or omissions deprived Plaintiff Dan Yates of his rights as secured by the First and Fifth Amendments to the United States Constitution.

47. At all times relevant hereto, Defendant Erik Fossum acted outside the scope of his limited ministerial authority.

48. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum employed municipal unconstitutional customs, practices, polices or procedures to injure the Plaintiff.

49. At all times relevant hereto, Defendants Stephen G. Breyer, William K. Suter and Erik Fossum knew, or should have known, of the illegality of their acts.

50. The combined wrongful actions and/or omissions of Defendants Stephen G. Breyer, William K. Suter and Erik Fossum are the legal cause or cause-in-fact of the harm underlying the Plaintiff's claims.

51. As a result of the illegal conduct of Defendants Stephen G. Breyer, William K. Suter and Erik Fossum, Plaintiff suffered, and continues to suffer, damages, including but not limited to emotional and physical distress, personal humiliation, and other actual damages.

**FIRST CLAIM FOR RELIEF**
**AGAINST ALL NAMED DEFENDANTS**
**VIOLATION OF 42 U.S.C. § 1983**

52. Plaintiff Dan Yates repeats, re-alleges, and incorporates by reference all allegations in this Verified Complaint and Jury Demand, as if set forth fully herein.

53. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum engaged in direct or indirect joint action to interfere with Plaintiff Dan Yates' ability to exercise fundamental rights, privileges or immunities as secured by United States law.

54. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum acted under the color of law to deprive or deny Plaintiff Dan Yates of his ability to exercise his rights, privileges, and immunities as guaranteed by the United States Constitution.

55. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum are "persons" and are liable pursuant to 42 U.S.C. § 1983.

56. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum engaged in one or more act or omission to deprive Plaintiff Dan Yates of, or deny Plaintiff Dan Yates his ability to exercise, his rights, privileges, and immunities as guaranteed by the United States Constitution.

57. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum acted on or employed municipal customs, practices and/or procedures to deprive or deny Plaintiff Dan Yates of his ability to exercise his rights, privileges, and immunities as guaranteed by the United States Constitution.

58. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum engaged in one or more act and/or omission in furtherance of a common general purpose to cause the type of harm sustained by Plaintiff Dan Yates as set forth herein.

59. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum knew that their actions and/or omissions as set forth herein created a substantial risk of injury to Plaintiff Dan Yates.

60. As a direct and proximate result of Defendants Stephen G. Breyer, William K. Suter and Erik Fossum's wrongful acts Plaintiff Dan Yates suffered and continues to suffer extreme emotional injury, severe emotional and mental distress, psychological damage, loss of enjoyment of life and other non-monetary damages and emotional distress to the Plaintiff.

## SECOND CLAIM FOR RELIEF
## AGAINST ALL NAMED DEFENDANTS
## VIOLATION OF 42 U.S.C. § 1985(2)

61. Plaintiff Dan Yates repeats, re-alleges, and incorporates by reference every allegation of this Verified Complaint and Jury Demand, as if set forth fully herein.

62. Defendants Stephen G. Breyer, William K. Suter, and Erik Fossum combined to impede, hinder, obstruct, or defeat the due course of justice in the District of Columbia to injure Plaintiff Dan Yates and his property for attempting to enforce his rights.

63. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum are "persons" for purposes of liability pursuant to 42 U.S.C. § 1985(2).

64. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum unlawful actions and/or omissions as alleged herein were intended to obstruct justice.

65. Defendants Stephen G. Breyer, William K. Suter and Erik Fossum actions/omissions as

alleged herein constitute illegal conduct and/or a pattern and practice of such conduct to obstruct justice in violation of 42 U.S.C. § 1985(2).

66. As a direct and proximate result of the intentional and unlawful conduct of Defendants Stephen G. Breyer, William K. Suter and Erik Fossum, Plaintiff Dan Yates has suffered and continues to suffer damages, including emotional and physical distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dan Yates respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Stephen G. Breyer, William K. Suter and Erik Fossum as follows:

On Plaintiff Dan Yates' first claim for relief against Defendants Stephen G. Breyer, William K. Suter and Erik Fossum in their individual capacities, damages, injunctive and declaratory relief, pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial;

On Plaintiff Dan Yates' second claim for relief against Defendants Stephen G. Breyer, William K. Suter and Erik Fossum in their individual capacities, damages, injunctive and declaratory relief, pursuant to 42 U.S.C § 1985(2)

Plaintiff Dan Yates seeks Declaratory relief against Defendants Stephen G. Breyer, William K. Suter and Erik Fossum in their official capacities; and,

Plaintiff Dan Yates seeks injunctive relief against Defendants Stephen G. Breyer, William K. Suter and Erik Fossum in their official capacities.

In addition, Plaintiff Dan Yates seeks an award of compensatory damages, pre-judgment and post-judgment interest, costs and attorneys' fees at the applicable rates.

## JURY DEMAND

Plaintiff Dan Yates demands a trial by jury on all claims identified and on all issues raised in his Verified Complaint and Jury Demand.

Respectfully submitted by:

*[signature]*

Dan Yates, *Pro Se*
Plaintiff's Mailing Address:
P.O. Box 731
Parker, CO 80134

## VERIFICATION

STATE OF COLORADO              )
                               ) ss.
CITY AND COUNTY OF DENVER      )

I, Dan Yates, having first been duly sworn, hereby state that all facts contained in this Verified Complaint and Jury Demand are true and correct to the best of my knowledge, information and my belief.

_____
Dan Yates

Subscribed and sworn to before me this 28th day of August, 2007, by Dan Yates. Witness my hand and official seal.

_____
Notary Public

My commission expires: _____

LAURIE M. BRUMMEL
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 10/18/2009

12

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dan Yates  88888 | Stephen G. Breyer<br>William K. Suter<br>Erik Fossum |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Douglas<br>(EXCEPT IN U.S. PLAINTIFF CASES)  PRO SE NH | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, D.C.<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Dan Yates, pro se Plaintiff<br>P.O. Box 731<br>Parker, CO 80134<br>303.840.0718 | Case: 1:07-cv-01549<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 8/30/2007<br>Description: Civil Rights-Non-Employ.<br><br>JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ✗ 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(5)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ◉ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Civil Rights violations under 28 U.S.C. §§ 1983 and 1985

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**  *D-F*    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  8/28/2007    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.