**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAN YATES,** )<br>)<br>**Plaintiff, *pro se*,** )<br>)<br>)<br>**STEPHEN G. BREYER, *et al.*,** )<br>)<br>)<br>**Defendants.** )<br>_____ ) | **Civil Action No.: 07-1549 (RMU)** |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff *pro se*, Dan Yates, filed this action on August 30, 2007, naming as defendants Justice Stephen G. Breyer and two other officials of the Supreme Court of the United States ("Supreme Court"). The primary argument raised in the complaint is that defendants violated plaintiff's constitutional rights when they did not accept for filing his purported "notice of appeal" from a decision of the Supreme Court of Colorado. Plaintiff, alleging constitutional violations and citing 42 U.S.C. §§ 1983 and 1985(2) as legal authority, seeks unspecified monetary damages, and injunctive and declaratory relief against each of the three defendants in both their individual and official capacities.

As explained in detail below, all claims against defendants should be dismissed because: (1) this Court lacks personal jurisdiction over defendants because plaintiff has failed to effect proper service of process; (2) defendants enjoy absolute immunity from suit; (3) this Court lacks the authority to enter any form of injunctive or mandamus relief against the Supreme Court or its officials; (4) plaintiff has failed to state a claim under the provisions of 42 U.S.C. §§ 1983 and 1985(2); and (5) plaintiff has failed to state a claim for any implied violation of constitutional

rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Moreover, to the extent that plaintiff is seeking damages for any alleged constitutional torts against defendants in their official capacities, such claims, absent a specific waiver, are barred by the doctrine of sovereign immunity, because he is seeking to impose liability on the United States.  Moreover, the Federal Tort Claims Act (FTCA) is the exclusive remedy for claims for monetary damages against federal employees in an official capacity based on common law torts, where the employees are acting within the scope of their employment.[1]  Thus, to the extent that plaintiff seeks monetary damages from defendants in their official capacity for these types of claims, the FTCA would mandate that the United States be substituted as the proper defendant in this action.  However, even in that event, all claims would still be subject to dismissal because plaintiff has failed to comply with the requirement that administrative claims be filed and resolved prior to filing a civil action in District Court, and such claims would be subject to the defense of judicial immunity.

## II.  BACKGROUND

On or about February 20, 2007, the Supreme Court of the United States received from plaintiff a "notice of appeal" from a decision of the Colorado Supreme Court.  *See* Exhibit A, Declaration of Scott S. Harris, at ¶ 2.[2]  The same day, defendant Erik Fossum, an employee of the

---

[1]  It is apparent from the complaint and Declaration of Scott S. Harris that defendants were acting within the scope of their employment.

[2]  The complaint does not reveal the nature of the Colorado Supreme Court ruling challenged by plaintiff.  It asserts that the ruling was issued on December 13, 2006, but records from that court do not indicate that any rulings were issued on that date.  Court records do reflect the denial of a petition for a writ of certiorari filed by a Dan Yates on November 13, 2006.  *See* http://www.courts.state.gov.us/supct/caseannouncements/2006/11.13.06.htm.  The lower state

Clerk's Office at the U.S. Supreme Court, returned plaintiff's submission to him, explaining by letter that plaintiff may challenge a ruling of the Colorado Supreme Court only through a petition for a writ of certiorari. *Id.* Mr. Fossum's letter enclosed plaintiff's $300 filing fee, along with a copy of the relevant Supreme Court rule and a sample petition for a writ of certiorari. *Id.*

On or about March 1, 2007, the Supreme Court received from plaintiff another notice of appeal addressing the same Colorado Supreme Court ruling. *Id.* Mr. Fossum returned plaintiff's submission to him, again explaining that the only permissible mechanism to challenge that ruling in the U.S. Supreme Court would be through a petition for a writ of certiorari. *Id.* A similar submission was received in the U.S. Supreme Court on March 15, 2007, and was returned to plaintiff the same day. *Id.* On or about April 10, 2007, the Supreme Court received an application for an extension of time within which to file a notice of appeal of the Colorado Supreme Court ruling. *Id.* That submission was also returned to plaintiff, and a letter from Mr. Fossum explained that it was for the same reasons that the prior submissions were returned to him. *Id.*

Plaintiff's complaint alleges that Mr. Fossum and Mr. Suter (whose name was also listed on the letters from Mr. Fossum) obstructed the filing of plaintiff's appeal, misrepresented information, and gave him incorrect legal advice. *See* Complaint, at ¶¶ 19-23. The complaint also alleges that Justice Breyer unlawfully delegated plaintiff's application to the Supreme Court Clerk's Office. *Id.*, at ¶¶ 25-26. Plaintiff alleges that Justice Breyer, Mr. Suter and Mr. Fossum "acted under the color of law to deprive Plaintiff Dan Yates of his right to due process of law and right to redress his grievances as secured by the First and Fifteenth Amendments to the United

---

court ruling under review appears to address a marriage dissolution.

States Constitution." *Id.*, at ¶ 35.

### III.  LEGAL STANDARDS OF REVIEW UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)

Defendants move to dismiss the complaint filed herein pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The different standards of review for dismissal under these rules are discussed below.

### A.  Subject Matter Jurisdiction

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  As explained below, the Court lacks subject matter jurisdiction in this action because:  (1) this Court lacks the authority to compel actions by the Supreme Court or its officials; and (2) any of plaintiff's claims for constitutional torts against the United States are barred by the doctrine of sovereign immunity.  For these reasons, the complaint herein should be dismissed.

### B.  **Failure to State a Claim**

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  When evaluating a motion for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must treat the complaint's factual allegations as true and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citations omitted).  However, the Court need not accept "inferences drawn by the plaintiff is such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotation marks and citation omitted).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl.*, 127 S.Ct. at 1965.

As discussed below, plaintiff has failed to allege any facts to support his claims under 42 U.S.C. §§ 1983 or 1985, or to support his claims for violations of constitutional rights.

Accordingly, these claims should be dismissed for failure to state a claim upon which relief can be granted.

## IV.  ARGUMENT

### A.  This Court Lacks Personal Jurisdiction Over Defendants In Their Individual Capacities

This Court is without personal jurisdiction over defendants in their individual capacities in the absence of proper service.  It is well established that, in an action against a federal employee in an individual capacity, the individually sued defendant must be served with process in accordance with rules applicable to individual defendants.  *See Simpkins v. District of Columbia Govt.,* 108 F.3d 366 (D.C. Cir. 1997); *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978); *Delgado v. Bureau of Prisons*, 727 F. Supp. 24 (D.D.C. 1989).  Fed. R. Civ. P. 4 requires that a copy of the summons and complaint be delivered to a defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides therein.  *Lawrence*, 79 F.R.D. at 670.   Service on the Attorney General of the United States or the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity."  *Lawrence v. Acree*, 79 F.R.D. at 670; *Delgado v. Bureau of Prisons*, 727 F. Supp. at 27.

To the extent that plaintiff seeks relief against federal employees in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment. *Reuber v. United States*, 750 F.2d 1039, 1049 (D.C. Cir. 1984); *Griffith v. Nixon*, 518 F.2d 1195

(2d Cir.) *cert. denied*, 423 U.S. 995 (1975).  Because the record in this action does not establish proper personal service upon defendants in their individual capacities, all claims against them in such capacities should be dismissed.[3]

### B. All Defendants Have Absolute Immunity.

As the Supreme Court explained more than a century ago in *Bradley v. Fisher*, 13 Wall. 335, 351 (1872), "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly."  *See also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.").  The purpose of this judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  *Pierson v. Ray*, 386 U.S. at 554.

There are only two narrow exceptions to the doctrine of absolute judicial immunity, neither of which could conceivably apply here.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  In this case, there is no question that Justice Breyer's decision to refer

---

[3] A pro se litigant such as plaintiff must be afforded more latitude to correct defects in service of process in his pleadings than other litigants who are represented by counsel.  *See Moore v. Agency for Int'l Dev.*, 944 F.2d 874, 876 (D.C. Cir. 1993).  However, as discussed herein, in light of the other bases for dismissal of this case, particularly defendants' absolute immunity from suit, defendants submit that no purpose would be served by granting such indulgences in this case.

plaintiff's application for an extension of time to the Clerk's office was taken in his judicial capacity.  And second, a judge is not immune from suits challenging "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*., at 12.  Again, plaintiff has not suggested that Justice Breyer's action was taken in the absence of jurisdiction, and indeed it was plaintiff himself who asked Justice Breyer to take action on the application.  As a result, it is clear that neither exception applies and that Justice Breyer is entitled to absolute judicial immunity from this suit.

The result is the same for Mr. Suter and Mr. Fossum.  The federal courts of appeals have held repeatedly that court employees, including clerks, have the same absolute immunity from suit when they are carrying out functions that are an integral part of the judicial process.  *See*, *e.g., Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).  "Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel.  A less decree of immunity could impair the judicial process." *Valdez v. City and County of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2nd Cir. 1997); *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988).  Because the decisions of Mr. Suter and Mr. Fossum in determining whether to accept plaintiff's "notice of appeal" for filing were plainly an integral part of the judicial process, they too are entitled to absolute immunity with respect to these claims.

### C.  The Court Lacks Authority to Enter Any Injunctive
### or Mandamus Relief Against the Supreme Court or Its Officials

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967).  Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.'" *Power v. Barnhart*, 292 F.3d at 784 (quoting *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997)).  Where the action that a plaintiff seeks to compel is discretionary, a plaintiff has no clear right to relief and mandamus, therefore, is not an appropriate remedy.  *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Included within the relief sought in plaintiff's complaint are unspecified injunctive and declaratory relief.  *See* Complaint, at 10-11.  However, this Court lacks subject matter jurisdiction over any effort to compel official action by the Supreme Court or its employees, however that challenge may be styled.  *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.) (district court lacked jurisdiction over mandamus action seeking to compel Supreme Court Clerk to docket cert. petition), *cert. denied*, 506 U.S. 844 (1992); *see also Chandler v. Judicial Council of the Tenth Circuit*, 398 U.S. 74, 94 (Harlan, J., concurring) ("direct review by a district judge of

the actions of circuit judges would present serious incongruities and practical problems"); *Panko v. Rodak*, 606 F.2d 168, 170 n.6 (7th Cir. 1979) ("it seems axiomatic that a lower court may not order the judges or officers of a higher court to take action").  As the D.C. Circuit has explained in similar circumstances, the Supreme Court has the sole legal authority to determine how cases before it will be resolved, and "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise." *In re Marin*, 956 F.2d at 340.  Thus, to the extent that the complaint in this case may be read to seek an order requiring the Supreme Court or its employees to take action with respect to plaintiff's civil actions, the complaint must be dismissed for lack of subject matter jurisdiction.

### D.  Plaintiff Has Failed to State A Claim Under 42 U.S.C. §§ 1983 or 1985(2)

"To state a valid claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted).  Contrary to plaintiff's averments, defendants are federal officials, acting under color of federal law, and are not subject to suit under 42 U.S.C. § 1983. *See District of Columbia v. Carter,* 409 U.S. 418 (1983); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. and Urban Dev.*, 980 F.2d 1043 (5th Cir. 1993).

In a similar vein, the language of 42 U.S.C. § 1985(2) is inapplicable to defendants or the facts as alleged by plaintiff in his complaint.  The first clause of this subsection prohibits a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal court or influencing or

punishing federal jurors; plaintiff does not appear to cite to this clause.

In his complaint, plaintiff alleges a vague conspiracy by defendants to "impede, hinder, obstruct, or defeat the due course of justice in the District of Columbia." *See* Complaint ¶ 62. These allegations suggest that plaintiff is citing to the second clause of § 1985(2), which creates a cause of action against "two or more persons" who "conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . ." 42 U.S.C. § 1985(2). However, plaintiff fails to state a claim against defendants because this clause applies to conspiracies to obstruct the course of justice in state courts. *See Kush v. Rutledge*, 460 U.S. 719 (1983). In addition, this section reaches conspiracies that are engaged in with the intent to deny a citizen the equal protection of the laws. *Id*., at 724. Plaintiff has made no such allegation in his complaint.

In any event, plaintiff has failed to allege a specific factual basis which supports the elements of a civil conspiracy. These elements consist of: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement: (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). For these reasons, plaintiff has failed to state any claims against defendants in their individual capacities under 42 U.S.C. §§ 1983 or 1985(2) for which relief can be granted. Accordingly, these claims should be dismissed.

**E.  The Complaint Fails To State A Claim for Constitutional Violations**

For the reasons set forth herein, there is no need for the court to reach the merits of plaintiff's argument that defendants' actions somehow violated his constitutional rights. Nevertheless, even if the Court were to address any implied claims, it is clear that they are meritless.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that federal officials can be held liable in their individual capacities for violations of an individual's constitutional rights.  However, the Court must first determine whether "[T]aken in the light most favorable to the party asserting the injury, the facts alleged show the [official's] conduct violated a constitutional right?" *Barham v. Ramsey*, 434 F.3d 565, 572 (D.C. Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

In this case, the complaint generally alleges that defendants deprived plaintiff of rights secured by the "First and Fifth Amendments to the United States Constitution." *See* Complaint, ¶ 1.  Although plaintiff does not articulate the precise theory under which these defendants might have violated the Constitution, the complaint may be read to suggest that defendants deprived plaintiff of his constitutional right of access to the courts.  However, the law is well-settled that a fundamental requirement of such a cause of action is a plaintiff have lost a viable claim due to a defendant's conduct.  *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  As a result, a complaint alleging the denial of this right "must identify a remedy that may be awarded as recompense, but not otherwise available in some suit that may yet be brought." *Id.*  Plaintiff's failure in this case to address in any fashion the underlying claim he sought to raise in his notice of appeal necessarily means that his complaint is deficient. *Id.* at 416.  What is more, plaintiff

12

cannot establish that he was prejudiced by the defendants' refusal to docket his "notice of appeal," since the Clerk's Office was plainly correct that a notice of appeal is not a viable mechanism to challenge a ruling from the Colorado Supreme Court.  *See* 28 U.S.C. § 1257.[4] Accordingly, because there exists no arguable legal bases for plaintiff's claims for compensatory damages or any other relief against defendants, these claims should be dismissed.

### F.  Plaintiff's Claims Against Defendants In Their Official Capacities Are Barred By the Doctrine of Sovereign Immunity

Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit.  *Loeffler v. Frank*, 486 U.S. 549, 554 (1988).  Sovereign immunity is jurisdictional in nature.  *See United States v. Sherwood*, 312 U.S. 584 (1941); *see also United States v. Mitchell*, 463 U.S. 206 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")).

The FTCA is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of employment.  *See* 28 U.S.C. § 2679(b)(1).  The FTCA mandates that the United States be substituted as the proper defendant in the event that plaintiff seeks monetary damages from defendants in their official capacities. However, any such claims by plaintiff would fail for three reasons.

First, plaintiff failed to file an administrative claim with the relevant federal agency and have that claim denied in writing.  *See* Exhibit A; *see also* 28 U.S.C. §2675(a).  Presentment of

---

[4] Plaintiff has suggested that the Clerk's Office had an obligation to docket his "notice of appeal" under 28 U.S.C. § 2103.  *See* Complaint, at ¶ 19.  Prior to its repeal in 1988, that statute provided that an appeal from a state court or a federal appeals court improvidently taken may be regarded as a petition for a writ of certiorari.  However, because this statute is no longer in force, it obviously has no bearing upon the instant case.

an administrative claim is a jurisdictional prerequisite to suit under the FTCA.  *See, e.g., GAF Corporation v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).

Secondly, the United States would be entitled to assert any defense based upon judicial immunity which otherwise would have been available to the employee.  *See* 28 U.S.C. § 2674. Finally, plaintiff's claims would be barred by the doctrine of sovereign immunity, because they are in reality claims against the United States for which sovereign immunity has not been waived. *See Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471 (1994) (holding that a constitutional tort claim is not cognizable against a federal agency under the jurisdictional grant of the Federal Tort Claims Act)).   Therefore, to the extent that plaintiff seeks money damages under the FTCA, his claims must be dismissed.

## Conclusion

For the foregoing reasons, the complaint and all claims therein should be dismissed against defendants.

Respectfully submitted,

____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

___/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W. - Room E4905
Washington, D.C.   20530
 (202) 514-7250

14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
DAN YATES,                          )
                                    )
            Plaintiff,              )        Civil Action No. 07-1549 (RMU)
                                    )
      v.                            )
                                    )
STEPHEN G. BREYER, et al.,          )
                                    )
            Defendants.             )
                                    )
```

## DECLARATION OF SCOTT S. HARRIS

1.      I am Counsel to the Supreme Court of the United States. In that capacity, I am

the head of the Court's Legal Office, and am responsible for coordinating all litigation involving

the Supreme Court and its officers and employees. I am also responsible for addressing tort

claims against the Supreme Court under the Federal Tort Claims Act, and it is the policy of the

Supreme Court that all such claims should be directed to this office.

2.      I am familiar with the allegations raised by plaintiff Dan Yates in this case.

Attached to this declaration as Exhibits 1, 2, 3 & 4 are copies of letters sent to plaintiff from Erik

Fossum of the Supreme Court Clerk's Office. The policy of the Clerk's Office is not to retain

paper copies of letters similar to these, but to retain only electronic copies of those letters. As a

result, the copies included in these exhibits are not signed. But to the best of my knowledge,

information and belief, they are otherwise identical to the letters sent to plaintiff.

3.      I have searched records from the Supreme Court Legal Office, and have

determined that plaintiff has never submitted an administrative claim for money damages against

the Supreme Court or any of its officials or employees.

9

Under penalty of perjury, I declare that the foregoing is true to the best of my knowledge, information and belief.

_____
Scott S. Harris

Date:

## SUPREME COURT OF THE UNITED STATES
### OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

February 20, 2007

Dan Yates
P.O. Box 731
Parker, CO 80134

RE: Yates v. Yates
COSCt. no. 06SC515

Dear Mr. Yates:

The notice of appeal received February 20, 2007 appears to pertain to a decision of the Supreme Court of Colorado. Your papers are herewith returned.

You may seek review of a decision only by filing a timely petition for a writ of certiorari. The filing of a notice of appeal is not a prerequisite for filing a petition for writ of certiorari and does not preserve the time for filing a petition for writ of certiorari. You must submit a petition for writ of certiorari within the 90 day time limit pursuant to Rule 13. A copy of the Rules of this Court and a sample petition are enclosed.

Also returned in the enclosed envelope is your money order in the amount of $300.00.

Sincerely,
William K. Suter, Clerk
By:

Erik Fossum
(202) 479-3392

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

March 1, 2007

Dan Yates
P.O. Box 731
Parker, CO 80134

RE: Yates v. Yates
COSCt. no. 06SC515

Dear Mr. Yates:

The notice of appeal received March 1, 2007 appears to pertain to a decision of the Supreme Court of Colorado.  Your papers are herewith returned.

You may seek review of a decision only by filing a timely petition for a writ of certiorari.  The filing of a notice of appeal is not a prerequisite for filing a petition for writ of certiorari and does not preserve the time for filing a petition for writ of certiorari.  You must submit a petition for writ of certiorari within the 90 day time limit pursuant to Rule 13.  A copy of the Rules of this Court and a sample petition are enclosed.

The only circumstances that allow a petitioner to submit a notice of appeal without following the filing guidelines in the rules of this Court are in cases that have been decided by a three-judge panel at a United States District Court.  If you are seeking review of a decision of the Supreme Court of Colorado, you must do so in accordance with the Court's filing rules. 28 USC; (1253).

Also returned is your check as well as a case handling guide for paid petitioners.

Sincerely,
William K. Suter, Clerk
By:

Erik Fossum
(202) 479-3392

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

March 15, 2007

Dan Yates
P.O. Box 731
Parker, CO 80134

RE: Yates v. Yates
COSCt. no. 06SC515

Dear Mr. Yates:

Your materials and check in the amount of $300.00, received March 15, 2007, are herewith returned pursuant to correspondence dated March 1, 2007 from this Office.

Sincerely,
William K. Suter, Clerk
By:

Erik Fossum
(202) 479-3392

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

April 10, 2007

Dan Yates
P.O. Box 731
Parker, CO 80134

    RE: Yates v. Yates

Dear Mr. Yates:

    Your application for extension of time to docket appeal, referred to this office by Justice Breyer was received April 10, 2007 is herewith returned for the following reason(s):

    Your materials are returned pursuant to the correspondence from this office, dated March 1, 2007.

                               Sincerely,
                               William K. Suter, Clerk
                               By:

                               Erik Fossum
                               (202) 479-3392

Enclosures

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that copies of the foregoing Motion to Dismiss, Memorandum of

Points and Authorities in Support, Declaration of Scott S. Harris, and proposed Order were

mailed, postage pre-paid, to Dan Yates, Plaintiff *pro se*, on this 27th day of November, 2007, to

the following address:

Dan Yates
P.O. Box 731
Parker, CO 80134

                                    ___/s/_____
                                      JUDITH A. KIDWELL
                                      Assistant U.S. Attorney